### IN THE UNITED STATES DISTRICT COURT
### FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| (1) GREENLITE HOLDINGS, LLC,<br><br>　　　Plaintiff,<br><br>v.<br><br>(1) THIRD COAST INSURANCE COMPANY<br><br>　　　Defendant. | Case No.　CIV-21-646-HE |

## DEFENDANT THIRD COAST INSURANCE COMPANY'S
## NOTICE OF REMOVAL

Defendant Third Coast Insurance Company ("Third Coast") files this Notice of Removal pursuant to 28 U.S.C. § 1441, and in support thereof states as follows:

### I.　BACKGROUND

1.　Plaintiff Greenlite Holdings, LLC ("Greenlite Holdings") commenced this lawsuit on May 17, 2021 by filing its Petition in the District Court of Oklahoma County, Oklahoma, bearing Cause No. CJ-2021-2146 (the "State Court Action"). *See* Petition, Ex. 2.

2.　Greenlite Holdings' Petition names Third Coast as the only defendant.

3.　Greenlite Holdings served Third Coast with its Petition through certified mail on May 24, 2021. *See* Petition, Ex. 2. Third Coast has not filed its Answer in the State Court Action. *See* Docket Sheet, Ex. 1.

4.　On June 16, 2021, Greenlite Holdings filed its First Amended Petition in the District Court of Oklahoma County, Oklahoma. *See* First Amended Petition, Ex. 7. As of

the time of this filing, Greenlite Holdings has not served Third Coast with its First Amended Petition.

5. Third Coast timely filed its Notice of Removal in this Court within 30 days of service of the initial pleading filed in this matter. 28 U.S.C. § 1446(b)(2)(B).

6. The United States District Court for the Western District of Oklahoma is the appropriate court for filing this Notice of Removal since the District Court of Oklahoma County, where the State Court Action is currently pending, is within this Court's jurisdiction. *See* 28 U.S.C. §§ 116(c), 1446(d); Petition, Ex. 2; First Amended Petition, Ex. 7.

## II.    BASIS FOR REMOVAL

7. Removal is proper under 28 U.S.C. § 1332(a) if there is complete diversity between the parties and the amount in controversy exceeds $75,000, exclusive of interest, costs and attorneys' fees. These two conditions are satisfied in this matter.

8. There is no dispute that Greenlite Holdings has alleged damages in excess of $75,000. *See* First Amended Petition at ¶ 5, Ex. 7.

9. Because there is complete diversity of citizenship, and the amount in controversy exceeds $75,000 (exclusive of interest, costs and attorneys' fees), Third Coast has properly removed this case to federal court.

## III.    ARGUMENTS AND AUTHORITIES

**A.    Removal is Proper Because Complete Diversity of Citizenship Exists Between Greenlite Holdings and Third Coast.**

10. Upon information and belief, Greenlite Holdings is a limited liability company organized under the laws of the State of Arizona with a principal place of business in Arizona. *See* Articles of Organization, Ex. 8. Limited liability companies are treated the same as partnerships for diversity jurisdiction purposes, and, therefore, courts look to the citizenship of each member of the company to determine if complete diversity of citizenship exists. *Siloam Springs Hotel, LLC v. Century Sur. Co.*, 781 F.3d 1233, 1237-38 (10th Cir. 2015) ("Under Oklahoma law, an LLC is an unincorporated association or proprietorship. Supreme Court precedent makes clear that in determining the citizenship of an unincorporated association for purposes of diversity, federal court must include all the entitles' members."). Upon information and belief, Greenlite Holdings has one member: Jonathan Lewis. *See* Articles of Organization, Ex. 8. Under Federal law, a member's citizenship is based on where he is domiciled, i.e., where he resides and intends to remain. *Prestige Mfg. Co., LLC v. Gault*, No. CIV-20-56-R, 2020 WL 1030902, slip op. at *2 (W.D. Okla. March 3, 2020) ( "To establish domicile in a particular state, a person must be physically present in the state and intend to remain there."). Upon information and belief, Jonathan Lewis is a citizen of the state of Arizona, because he resides and intends to remain in Tempe, Arizona. Greenlite Holdings has no other members. *See* Articles of Organization, Ex. 8.

11. Defendant Third Coast is a foreign insurance company organized under the laws of the State of Wisconsin and has its principal place of business in the State of Michigan. Pursuant to 28 U.S.C. § 1332(c), a corporation is a citizen of every state by which it has been incorporated and of the state where it has its principal place of business.

Therefore, Third Coast is a citizen of the state of Wisconsin and the state of Michigan for diversity jurisdiction purposes.

12. Since Greenlite Holdings' managing member is a citizen of the state of Arizona and Third Coast is a citizen of the states of Wisconsin and Michigan, complete diversity of citizenship exists, making removal proper.

**B.     Removal is Proper Because Greenlite Holdings' Claimed Damages Exceed This Court's Jurisdictional Threshold of $75,000**

13. "The amount in controversy is ordinarily determined by the allegations of the complaint, or, where they are not dispositive, by the allegations in the notice of removal." *Laughlin v. Kmart Corp.*, 50 F.3d 871 (10th Cir. 1995), *abrogated by Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 81 (2014), on other grounds.

14. Greenlite Holdings affirmatively states in its First Amended Petition that "[t]he amount in controversy underlying this action exceeds the jurisdictional amount for diversity jurisdiction under federal law." *See* First Amended Petition, Ex. 7. Upon information and belief, Greenlite Holdings bases this statement upon a repair estimate in the amount of $2,884,831.28 for the property damages it claims from an October 2020 ice storm, which Third Coast disputes. *See* Plaintiff's Damages Estimate, Ex. 9.

15. Therefore, the jurisdictional threshold is met, and removal is proper.

### III.     CONCLUSION

16. Pursuant to 28 U.S.C. § 1446(d), a true and correct copy of this Notice will be filed with the clerk of Oklahoma County, Oklahoma promptly after the filing of this Notice.

17. As required by 28 U.S.C. § 1446(a) and Local Rule 81.2, a copy of each of the following documents relating to the State Court Action are attached to (or filed contemporaneously with) this Notice:

    (1) A copy of the State Court Docket Sheet, Exhibit 1;

    (2) Petition, Exhibit 2;

    (3) Entry of Appearance of Kenneth Cole, Exhibit 3;

    (4) Entry of Appearance of Steven Mansell, Exhibit 4;

    (5) Entry of Appearance of Keith Givens, Exhibit 5;

    (6) Summons to Third Coast Insurance Company, Exhibit 6; and

    (7) First Amended Petition, Exhibit 7.

18. Pursuant to 28 U.S.C. § 1446(d), written notice of filing of this Notice will be given to all adverse parties promptly after the filing of this Notice.

THEREFORE, Defendant Third Coast Insurance Company, pursuant to and in conformance with the requirements of 28 U.S.C. §§ 1332, 1441, and 1446, and in accordance with this Court's local rules, removes the case styled *Greenlite Holdings, LLC v. Third Coast Insurance Company*, Cause No. CJ-2021-2146, from the District Court of Oklahoma County, Oklahoma to the United States District Court for the Western District of Oklahoma, and asks that this Court enter any orders as may be necessary and appropriate.

Respectfully submitted,

s/*Shannon S. Bell*
Derrick T. DeWitt, OBA #18044
Thomas A. Paruolo, OBA #18442
Shannon S. Bell, OBA #33648
DEWITT, PARUOLO & MEEK, PLLC
P.O. Box 138800
Oklahoma City, OK 73113
T: (405) 705-3600
F: (405) 705-2573
dewitt@46legal.com
tom@46legal.com
sbell@46legal.com
***Attorneys for Defendant Third Coast Insurance Company***

# CERTIFICATE OF SERVICE

This is to certify that on the 23rd day of June, 2021, the above document was electronically transmitted to the Clerk of the Court using the ECF System for filing and transmittal of a Notice of Electronic Filing to the following ECF registrants:

Steven S. Mansell,
Kenneth G. Cole,
Keith F. Givens
MANSELL, ENGLE & COLE
204 North Robinson, 21st Floor
Oklahoma City, OK  73102-7201
T: (405) 232-4100
F: (405) 232-4140

***Attorneys for Plaintiff***

s/*Shannon S. Bell*