

CJ-2021-2146
Truong

FILED IN DISTRICT COURT
OKLAHOMA COUNTY

MAY 17 2021

RICK WARREN
COURT CLERK
112\_\_\_\_\_

## IN THE DISTRICT COURT OF OKLAHOMA COUNTY
## STATE OF OKLAHOMA

| | |
|---|---|
| GREENLITE HOLDINGS, LLC and CITY HEIGHTS NORTH, LLC,<br><br>　　　　　　　Plaintiffs,<br><br>v.<br><br>THIRD COAST INSURANCE COMPANY, a foreign corporation,<br><br>　　　　　　　Defendant. | Case No: **CJ-2021-2146**<br><br>**JURY TRIAL DEMANDED** |

### PETITION

COME NOW Plaintiffs, Greenlite Holdings, LLC and City Heights North, LLC, to assert the following claims against Defendant, Third Coast Insurance Company ("TCIC"), based upon the facts discussed herein.

1. Plaintiffs, Greenlite Holdings, LLC and City Heights North, LLC, are limited liability companies that owned property located in Oklahoma during all times material to this case.

2. Defendant, TCIC, is a foreign corporation domiciled in a state other than Oklahoma with a principal place of business in a state other than Oklahoma.

3. TCIC is authorized to transact insurance business within the State of Oklahoma and may be served with process through its designated service agent, Glen Mulready, Oklahoma Insurance Commissioner, 400 NE 50th Street, Oklahoma City, Oklahoma 73105.

4. TCIC conducts insurance business throughout the State of Oklahoma including within Oklahoma County.

5. The amount in controversy underlying this action exceeds the jurisdictional amount for diversity jurisdiction under federal law.

6. This Court has jurisdiction over the above-referenced parties.

7. This Court has jurisdiction over the subject matter in question.

8. Venue is proper in this Court.

9. At all times material hereto, Plaintiffs were insured under a commercial insurance policy issued by TCIC (No. SZU-S629121).

10. Plaintiffs' insurance policy was in full force and effect at the time of the covered loss discussed herein.

11. While Plaintiffs were insured with TCIC, their property known as The Restoration at Candlewood Apartments located in Oklahoma City sustained damage.

12. The damages sustained by Plaintiffs were covered under their insurance policy with TCIC.

13. Plaintiffs submitted a claim for such damages to TCIC in a timely manner.

14. Plaintiffs complied with all conditions precedent for recovery under their insurance policy.

15. TCIC breached the terms of the subject policy and implied covenant of good faith and fair dealing in its handling of Plaintiffs' claim, and as a matter of routine claim practice in handling similar claims by:

    a. failing and refusing payment and other policy benefits owed to Plaintiffs at a time when it knew they were entitled to those benefits;

    b. failing to properly or adequately investigate Plaintiffs' claim and obtain additional information both in connection with the original refusal and following the receipt of additional information;

    c. withholding payment of benefits owed to Plaintiffs knowing their claim for benefits was valid;

    d. refusing to honor Plaintiffs' claim in some instances for reasons contrary to the express provisions of the subject policy and/or Oklahoma law;

e.  refusing to honor Plaintiffs' claim in some instances by knowingly misconstruing and misapplying provisions of the subject policy;

f.  failing to adopt and implement reasonable standards for the prompt investigation and reasonable handling of claims arising under these policies, including Plaintiffs' claim;

g.  not attempting in good faith to effectuate a prompt, fair and equitable settlement of Plaintiffs' claim once liability had become reasonably clear;

h.  forcing Plaintiffs, pursuant to its standard claims practice, to retain counsel in order to secure benefits it knew were payable to them;

i.  failing to properly evaluate any investigation that was performed;

j.  failing and refusing to properly investigate and consider the insurance coverage promised to Plaintiffs; and/or

k.  not attempting in good faith to effectuate a prompt, fair and equitable settlement of Plaintiffs' claim once liability had become reasonably clear;

all in violation of the subject policy and implied covenant of good faith and fair dealing, thereby resulting in financial benefit to TCIC.

16.  As a direct and proximate result of TCIC's unlawful acts and omissions, Plaintiffs suffered the loss of the policy benefits, loss of coverage and/or other consequential damages.

17.  TCIC's acts and omissions toward Plaintiffs constitute reckless disregard of their rights and/or intentional (with malice) violations of its duty to deal fairly and in good faith with its insureds. Therefore, Oklahoma law mandates an award of punitive damages in Plaintiffs' favor.

**WHEREFORE**, Plaintiffs, Greenlite Holdings, LLC and City Heights North, LLC, respectfully demand judgment against Defendant, Third Coast Insurance Company, for compensatory and punitive damages, plus any interest, costs, attorney fees and other relief allowed by law.

**JURY TRIAL DEMANDED**
**ATTORNEY LIEN CLAIMED**

**MANSELL ENGEL & COLE**

*/s/ Keith Givens*

Steven S. Mansell, OBA #10584
Kenneth G. Cole, OBA #11792
Keith F. Givens, OBA #16501
204 North Robinson, 21st Floor
Oklahoma City, OK 73102-7201
T: (405) 232-4100 ** F: (405) 232-4140
kgivens@meclaw.net

**ATTORNEYS FOR PLAINTIFFS**