

FILED IN DISTRICT COURT
OKLAHOMA COUNTY

JUN 16 2021

RICK WARREN
COURT CLERK

**IN THE DISTRICT COURT OF OKLAHOMA COUNTY**
**STATE OF OKLAHOMA**

| | |
|---|---|
| GREENLITE HOLDINGS, LLC, | 38_____ |
| Plaintiff, | |
| v. | Case No: CJ-2021-2146 |
| | District Judge Cindy H. Truong |
| THIRD COAST INSURANCE COMPANY, a foreign corporation, | |
| Defendant. | **JURY TRIAL DEMANDED** |

**FIRST AMENDED PETITION**

COMES NOW Plaintiff, Greenlite Holdings, LLC, to assert the following claims against Defendant, Third Coast Insurance Company ("TCIC"), based upon the facts discussed herein.

1. Plaintiff, Greenlite Holdings, LLC, is a limited liability company that owned property located in Oklahoma during all times material to this case.

2. Defendant, TCIC, is a foreign corporation domiciled in a state other than Oklahoma with a principal place of business in a state other than Oklahoma.

3. TCIC is authorized to transact insurance business within the State of Oklahoma and may be served with process through its designated service agent, Glen Mulready, Oklahoma Insurance Commissioner, 400 NE 50th Street, Oklahoma City, Oklahoma 73105.

4. TCIC conducts insurance business throughout the State of Oklahoma including within Oklahoma County.

5. The amount in controversy underlying this action exceeds the jurisdictional amount for diversity jurisdiction under federal law.

6. This Court has jurisdiction over the above-referenced parties.

7. This Court has jurisdiction over the subject matter in question.

8. Venue is proper in this Court.

9. At all times material hereto, Plaintiff was insured under a commercial insurance policy issued by TCIC (No. SZU-S629121).

10. Plaintiff's insurance policy was in full force and effect at the time of the covered loss discussed herein.

11. While Plaintiff was insured with TCIC, its property known as The Restoration at Candlewood Apartments located in Oklahoma City sustained damage.

12. The damages sustained by Plaintiff were covered under their insurance policy with TCIC.

13. Plaintiff submitted a claim for such damages to TCIC in a timely manner.

14. Plaintiff complied with all conditions precedent for recovery under its insurance policy.

15. TCIC breached the terms of the subject policy and implied covenant of good faith and fair dealing in its handling of Plaintiff's claim, and as a matter of routine claim practice in handling similar claims by:

    a. failing and refusing payment and other policy benefits owed to Plaintiff at a time when it knew Plaintiff was entitled to those benefits;

    b. failing to properly or adequately investigate Plaintiff's claim and obtain additional information both in connection with the original refusal and following the receipt of additional information;

    c. withholding payment of benefits owed to Plaintiff knowing its claim for benefits was valid;

    d. refusing to honor Plaintiff's claim in some instances for reasons contrary to the express provisions of the subject policy and/or Oklahoma law;

    e. refusing to honor Plaintiff's claim in some instances by knowingly misconstruing and misapplying provisions of the subject policy;

f. failing to adopt and implement reasonable standards for the prompt investigation and reasonable handling of claims arising under these policies, including Plaintiff's claim;

g. not attempting in good faith to effectuate a prompt, fair and equitable settlement of Plaintiff's claim once liability had become reasonably clear;

h. forcing Plaintiff, pursuant to its standard claims practice, to retain counsel in order to secure benefits it knew were payable to Plaintiff;

i. failing to properly evaluate any investigation that was performed;

j. failing and refusing to properly investigate and consider the insurance coverage promised to Plaintiff; and/or

k. not attempting in good faith to effectuate a prompt, fair and equitable settlement of Plaintiff's claim once liability had become reasonably clear;

all in violation of the subject policy and implied covenant of good faith and fair dealing, thereby resulting in financial benefit to TCIC.

16. As a direct and proximate result of TCIC's unlawful acts and omissions, Plaintiff suffered the loss of the policy benefits, loss of coverage and/or other consequential damages.

17. TCIC's acts and omissions toward Plaintiff constitute reckless disregard of its rights and/or intentional (with malice) violations of Defendant's duty to deal fairly and in good faith with its insureds. Therefore, Oklahoma law mandates an award of punitive damages in Plaintiff's favor.

**WHEREFORE**, Plaintiff, Greenlite Holdings, LLC, respectfully demands judgment against Defendant, Third Coast Insurance Company, for compensatory and punitive damages, plus any interest, costs, attorney fees and other relief allowed by law.

MANSELL ENGEL & COLE

*/s/ Steven S. Mansell*

Steven S. Mansell, OBA #10584
Kenneth G. Cole, OBA #11792
Keith F. Givens, OBA #16501

**JURY TRIAL DEMANDED**

**ATTORNEY LIEN CLAIMED**   204 North Robinson, 21st Floor
Oklahoma City, OK 73102-7201
T: (405) 232-4100 ** F: (405) 232-4140
kgivens@mcclaw.net

**ATTORNEYS FOR PLAINTIFFS**