**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| GREENLITE HOLDINGS, LLC,<br><br>                        Plaintiff,<br><br>v.<br><br>THIRD COAST INSURANCE<br>COMPANY, a foreign corporation,<br><br>                        Defendant. | Case No: 5:21-cv-646 HE |

**JOINT STATUS REPORT AND DISCOVERY PLAN**

Date of Conference:     September 8, 2021 at 10:30 a.m.

Appearing for Plaintiff:    Keith F. Givens, Esq.
                                  **MANSELL ENGEL & COLE**

Appearing for Defendant:  Shannon S. Bell, Esq.
                                    Derrick T. DeWitt, Esq.
                                    Thomas A. Paruolo, Esq.
                                    **DEWITT, PARUOLO & MEEK, PLLC**

**Jury Trial Demanded ☑  -  Non-Jury Trial ☐**

1.    **BRIEF PRELIMINARY STATEMENT**.  State <u>briefly</u> and in ordinary language the facts and positions of the parties to inform the judge of the general nature of the case.

<u>Plaintiff</u>:  This is a breach of contract and bad faith case against Defendant, Third Coast Insurance Company, arising from its wrongful denial of substantial benefits owed under a commercial insurance policy issued by TCIC and its failure to perform a proper investigation of Plaintiff's claim for such benefits.

<u>Defendant</u>:   Third Coast denies that it wrongfully denied "substantial benefits" owed to Plaintiff. Third Coast's investigation and adjustment revealed damage for which

it extended coverage under the relevant policy. Third Coast's adjustment included an inspection and written findings by an engineer and a building consultant. Finally, Third Coast issued a payment to Plaintiff for claimed loss rents. Third Coast denies owing any additional monies for Plaintiff's claim. As such, Third Coast denies it breached the insurance contract with Plaintiff and further denies that it violated its duty to handle Plaintiff's claim in good faith. Third Coast also submits that its actions do not warrant submission of the issue of punitive damages to the jury.

2.  **JURISDICTION**. State the basis on which the jurisdiction of the Court is invoked and any presently known objections.

This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332 since there is complete diversity between the parties and Plaintiff contends the amount in controversy exceeds $75,000.

3.  **STIPULATED FACTS**. List stipulations as to all facts that are not disputed, including jurisdictional facts.

   A.   This Court has jurisdiction over this matter.

   B.   The subject insurance policy was in effect on the date of loss underlying this case.

4.  **CONTENTIONS AND CLAIMS FOR DAMAGES OR OTHER RELIEF SOUGHT**.

   a.   Plaintiff:

   1.   At all times material hereto, Plaintiff was insured under a commercial insurance policy issued by TCIC (No. SZU-S629121).

   2.   Plaintiff's insurance policy was in full force and effect at the time of the covered loss discussed herein.

2

3.      While Plaintiff was insured with Defendant, its property known as The Restoration at Candlewood Apartments located in Oklahoma City sustained damage covered under the subject policy.

4.      Plaintiff submitted a claim for such damage to Defendant in a timely manner.

5.      Plaintiff complied with all conditions precedent for recovery under its insurance policy.

6.      Defendant breached the terms of the subject policy and violated its duty of good faith and fair dealing in its handling of Plaintiff's claim, and as a matter of routine claim practice in handling similar claims by:

a.      failing and refusing payment and other policy benefits owed to Plaintiff at a time when it knew Plaintiff was entitled to those benefits;

b.      failing to properly or adequately investigate Plaintiff's claim and obtain additional information both in connection with the original refusal and following the receipt of additional information;

c.      withholding payment of benefits owed to Plaintiff knowing its claim for benefits was valid;

d.      refusing to honor Plaintiff's claim in some instances for reasons contrary to the express provisions of the subject policy and/or Oklahoma law;

e.      refusing to honor Plaintiff's claim in some instances by knowingly misconstruing and misapplying provisions of the subject policy;

f.      failing to adopt and implement reasonable standards for the prompt investigation and reasonable handling of claims arising under these policies, including Plaintiff's claim;

g.      not attempting in good faith to effectuate a prompt, fair and equitable settlement of Plaintiff's claim once liability had become reasonably clear;

3

h.      forcing Plaintiff, pursuant to its standard claims practice, to retain counsel in order to secure benefits it knew were payable to Plaintiff;

i.      failing to properly evaluate any investigation that was performed;

j.      failing and refusing to properly investigate and consider the insurance coverage promised to Plaintiff; and/or

k.      not attempting in good faith to effectuate a prompt, fair and equitable settlement of Plaintiff's claim once liability had become reasonably clear;

all in violation of the subject policy and implied covenant of good faith and fair dealing, thereby resulting in financial benefit to Defendant.

7.      As a direct and proximate result of Defendant's unlawful acts and omissions, Plaintiff suffered the loss of the policy benefits, loss of coverage and/or other consequential damages.

8.      Defendant's acts and omissions toward Plaintiff constitute reckless disregard of its rights and/or intentional (with malice) violations of its duty to deal fairly and in good faith with its insured. Therefore, Oklahoma law mandates an award of punitive damages in Plaintiff's favor.

b.      Defendant:

1.      Third Coast denies it breached the terms of the Policy.

2.      Third Coast denies the Plaintiff sustained damages as a result of its adjustment or any actions of its agents.  Third Coast properly adjusted Plaintiff's claim within the terms and condition of the Policy.

4

3. The Policy specifically excludes certain types of property and costs from coverage, including, without limitation, the costs to repair pre-existing loss or damage that occurred prior to the loss event.

4. The Policy likewise excludes from coverage expenses incurred by public insurance adjusters or management companies to manage or administer the construction or underlying claim.

5. The Policy excludes loss or damage from faulty, defective design, repair, or workmanship.

6. While the Policy does not provide coverage for damage to interiors from snow, rain, or ice, the Policy does provide coverage if the loss or damage is caused by the thawing of snow, sleet, or ice.

7. The Policy includes a Business Income Coverage Form, which provides coverage for loss of business income or rental income, subject to the property's terms and conditions.

8. The Policy's Replacement Cost Form likewise includes certain terms and conditions, including the period by which the insured must complete repairs and vacant buildings are valued at actual cash value.

9. A good faith dispute exists as to the cause and scope of damage to Plaintiff's property from the loss event and coverage available under the Policy, as well as the value of Plaintiff's claim.

10. Third Coast likewise denies that its adjustment constitutes bad faith under Oklahoma law.

11.     Third Coast's handling of Plaintiff's claim was reasonable based on the information it knew or should have known at the time Plaintiff requested performance under the Policy.

12.     Third Coast denies any of its agents breached any duty or obligation owed to Plaintiff under the Oklahoma law.

13.     Third Coast denies any of its agents acted in bad faith in the handling of Plaintiff's claim for benefits.

14.     Plaintiff's right to recovery under the Policy is subject to the terms and conditions in the Policy.

15.     Plaintiff's recovery, if any, should be reduced to the extent Plaintiff failed to reasonably mitigate damages.

16.     Third Coast submits its actions do not warrant the submission of punitive damages to a jury, as the actions of Third Coast were not reckless, intentional or malicious, and both the United States Constitution and Oklahoma Constitution bars Plaintiff's claims for punitive damages.

5.     **APPLICABILITY OF FED. R. CIV. P. 5.1 AND COMPLIANCE**.

Do any of the claims or defenses draw into question the constitutionality of a federal or state statute where notice is required under 28 U.S.C. § 2403 or Fed. R. Civ. P. 5.1?          ☐ Yes          ☑ No

6.     **MOTIONS PENDING AND/OR ANTICIPATED** (include date of filing, relief requested, and date responsive brief to be filed).

Third Coast anticipates filing a Motion for Summary Judgment on Plaintiff's claims for breach of contract and bad faith, as well as for punitive damages.

6

7.   **COMPLIANCE WITH RULE 26(a)(1)**.  Have the initial disclosures required by Fed. R. Civ. P. 26(a)(1) been made?       ☐Yes          ☑ No

If "no," by what date will they be made?      September 17, 2021

8.   **PLAN FOR DISCOVERY**.

A.   The discovery planning conference (Fed. R. Civ. P. 26(f)) was held on August 25, 2021.

B.   The parties anticipate that discovery should be completed within eight (8) months unless the Covid-19 pandemic causes further shutdowns and delays.

C.   In the event ADR is ordered or agreed to, what is the minimum amount of time necessary to complete necessary discovery prior to the ADR session?  No later than discovery deadline.

D.   Have the parties discussed issues relating to disclosure or discovery of electronically stored information, including the form or forms in which it should be produced, pursuant to Fed. R. Civ. P. 26(f)(3)(C)?

☑ Yes      ☐ No

E.   Have the parties discussed issues relating to claims of privilege or of protection as trial-preparation material pursuant to Fed. R. Civ. P. 26(f)(3)(D)?

☑ Yes          ☐ No

To the extent the parties have made any agreements pursuant to Fed. R. Civ. P. 26(f)(3)(D) and Fed. R. Civ. P. 502(e) regarding a procedure to assert claims of privilege/protection after production and are requesting that the court include such agreement in an order, please set forth the agreement in detail below and submit a proposed order adopting the same.

The Parties anticipate submitting a proposed agreed protective order to govern confidential and proprietary materials requested in discovery.

F.   Identify any other discovery issues which should be addressed at the scheduling conference, including any subjects of discovery, limitations on discovery, protective orders needed, or other elements (Fed. R. Civ. P. 26(f)) which should be included in a particularized discovery plan.

9.   **ESTIMATED TRIAL TIME**:      4-5 days

10. **BIFURCATION REQUESTED**:  ☐ Yes  ☑ No

11. **POSSIBILITY OF SETTLEMENT**:  ☐ Good  ☑ Fair  ☐ Poor

12. **SETTLEMENT AND ADR PROCEDURES**:

   A.   Compliance with LCvR 16.1(a)(1) - ADR discussion:  ☑ Yes   ☐ No

   B.   The parties request that this case be referred to the following ADR process:

   ☐ Court-Ordered Mediation subject to LCvR 16.3

   ☐ Judicial Settlement Conference

   ☐ Other _____

   ☑ None - the parties do not request ADR at this time, but they anticipate

participating in a private mediation on or before the discovery deadline.

13. Parties consent to trial by Magistrate Judge?   ☐ Yes   ☑ No

14. Type of Scheduling Order Requested.  ☑ Standard -  ☐ Specialized (If a specialized scheduling order is requested, counsel should include a statement of reasons and proposal.)

   Submitted this 30th day of August, 2021.

                              **MANSELL ENGEL & COLE**

                              *s/* Keith F. Givens
                              Steven S. Mansell, OBA #10584
                              Kenneth G. Cole, OBA #11792
                              Keith F. Givens, OBA #16501
                              204 North Robinson, 21st Floor
                              Oklahoma City, OK 73102-7201
                              T: (405) 232-4100 ** F: (405) 232-4140
                              kgivens@meclaw.net

                              **ATTORNEY FOR PLAINTIFF**

**DEWITT, PARUOLO & MEEK, PLLC**

*s/* Shannon S. Bell
*(Signed by filing attorney with permission)*
Derrick T. DeWitt, OBA #18044
Thomas A. Paruolo, OBA #18442
Shannon S. Bell, OBA #33648
P.O. Box 138800
Oklahoma City, OK 73113
T: (405) 705-3600 ** F: (405) 705-2573
sbell@46legal.com

**ATTORNEYS FOR DEFENDANT**