**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| GREENLITE HOLDINGS, LLC,<br><br>                                   Plaintiff,<br><br>v.<br><br>THIRD COAST INSURANCE COMPANY, a foreign corporation,<br><br>                                   Defendant. | Case No: 21-CV-646-HE |

**SECOND AMENDED COMPLAINT**

COMES NOW Plaintiff, Greenlite Holdings, LLC, to assert the following claims against Defendant, Third Coast Insurance Company ("TCIC"), based upon the facts discussed herein.

1. Plaintiff, Greenlite Holdings, LLC, is a limited liability company that owned property located in Oklahoma during all times material to this case.

2. Defendant, TCIC, is a foreign corporation domiciled in a state other than Oklahoma with a principal place of business in a state other than Oklahoma.

3. TCIC is authorized to transact insurance business within the State of Oklahoma and may be served with process through its designated service agent, Glen Mulready, Oklahoma Insurance Commissioner, 400 NE 50th Street, Oklahoma City, Oklahoma 73105.

4. TCIC conducts insurance business throughout the State of Oklahoma including within Oklahoma County.

5. The amount in controversy underlying this action exceeds the jurisdictional amount for diversity jurisdiction under federal law.

6. This Court has jurisdiction over the above-referenced parties.

7. This Court has jurisdiction over the subject matter in question.

8. Venue is proper in this Court.

9. At all times material hereto, Plaintiff was insured under a commercial insurance policy issued by TCIC (STR6-031042-20 or STR7-033188-21).

10. Plaintiff's insurance policy was in full force and effect at the time of the covered losses discussed herein.

11. The apartment buildings Plaintiff insured with Defendant were damaged by weight of ice/snow and freezing that occurred in October 2020.

12. This ice and snowstorm damaged the roofs and structural roof framing at the apartments. The interiors of numerous apartments were also damaged from leaks caused by such ice/snow and freezing.

13. The damage sustained by Plaintiff's apartments was covered under its insurance policy with TCIC.

14. Plaintiff submitted a claim for such damage to TCIC in a timely manner.

15. Plaintiff complied with all conditions precedent for recovery under its insurance policy.

16. Further damage occurred in June 2021 when the ceilings and roofs in two separate apartments collapsed or partially collapsed as a result of damage from the ice/snow storm and the accumulation and weight of rain on such roofs. This additional damage was

directly related to and resulted from the prior damage inflicted by the October 2020 ice/snow storm.

17. The damage sustained by Plaintiff's apartments was covered under its insurance policy with TCIC.

18. Plaintiff submitted a claim for such damage to TCIC in a timely manner.

19. Plaintiff complied with all conditions precedent for recovery under its insurance policy.

20. TCIC breached its insurance contract with Plaintiff by refusing to pay for covered damage to the roofs, decking, structural framing, interiors and consequential losses of business income.

21. Defendant breached the implied covenant of good faith and fair dealing in its handling of Plaintiff's claim as a matter of routine claim practice in handling similar claims by:

   a. failing and refusing payment and other policy benefits owed to Plaintiff at a time when it knew Plaintiff was entitled to those benefits;

   b. failing to properly or adequately investigate Plaintiff's claims and obtain additional information both in connection with the original refusal and following the receipt of additional information;

   c. refusing to honor Plaintiff's claims in some instances for reasons contrary to the express provisions of the subject policy and/or Oklahoma law;

   d. refusing to honor Plaintiff's claims in some instances by knowingly misconstruing and misapplying provisions of the applicable policy;

   e. failing to adopt and implement reasonable standards for the prompt investigation and reasonable handling of claims arising under these policies, including Plaintiff's claims;

    f.      not attempting in good faith to effectuate a prompt, fair and equitable settlement of Plaintiff's claims once liability had become reasonably clear;

    g.      forcing Plaintiff, pursuant to its standard claims practice, to retain legal counsel in order to secure benefits it knew were payable to Plaintiff; and

    h.      failing to properly evaluate any investigation that was performed;

all in breach of the subject policy and in violation of the implied covenant of good faith and fair dealing, thereby resulting in financial benefit to TCIC.

22.    As a direct and proximate result of TCIC's breach of the insurance contract and breach of the implied covenant of good faith and fair dealing, Plaintiff suffered loss of policy benefits, loss of coverage and other consequential financial damages

23.    TCIC's acts and omissions toward Plaintiff constitute reckless disregard of its rights and/or intentional (with malice) violations of Defendant's duty to deal fairly and in good faith with its insureds. Therefore, Oklahoma law mandates an award of punitive damages in Plaintiff's favor.

**WHEREFORE**, Plaintiff, Greenlite Holdings, LLC, respectfully demands judgment against Defendant, Third Coast Insurance Company, for compensatory and punitive damages, plus any interest, costs, attorney fees and other relief allowed by law in an amount in excess of the amount required for diversity jurisdiction pursuant to 28 U.S.C. § 1332.

**JURY TRIAL DEMANDED**
**ATTORNEY LIEN CLAIMED**

**MANSELL ENGEL & COLE**

s/ Keith F. Givens
Steven S. Mansell, OBA #10584
Kenneth G. Cole, OBA #11792
Keith F. Givens, OBA #16501
204 North Robinson, 21st Floor
Oklahoma City, OK 73102-7201
T: (405) 232-4100 ** F: (405) 232-4140
smansell@meclaw.net

**ATTORNEYS FOR PLAINTIFFS**

## **CERTIFICATE OF SERVICE**

    I hereby certify that on November 16, 2021, I filed the attached document with the Clerk of Court.  Based on the records currently on file in this case, the Clerk of Court will transmit a Notice of Electronic Filing to those registered participants of the Electronic Case Filing System.

                                                        s/ Keith F. Givens