## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| (1)  GREENLITE HOLDINGS, LLC, <br><br> Plaintiff, <br><br> v. <br><br> (1)  THIRD COAST INSURANCE <br> COMPANY, a foreign corporation, <br><br> Defendant. | Case No: 5:21-cv-00646-HE |

## NOTICE OF SUBPOENA FOR DOCUMENTS TO NONPARTY
## AND DEPOSITION BY WRITTEN QUESTIONS

TO:   Katerra Renovations, LLC c/o Steven P. Bolos, 3200 Earhart Drive., Carrollton, TX 75006-5024.

TO:   Plaintiff Greenlite Holdings, LLC, by and through its attorneys of record, Steven S. Mansell, Kenneth G. Cole, Keith F. Givens, MANSELL ENGEL & COLE, 204 North Robinson Avenue, 21st Floor, Oklahoma City, OK 73102-7201.

Defendant Third Coast Insurance Company ("TCIC") hereby provides notice of its intention to serve Katerra Renovations, LLC with the attached Subpoena (**Exhibit "1"**) and requests that the Custodian of Records for the entity listed in **Exhibit "1"** answer the Deposition by Written Questions attached to this Notice of Subpoena as **Exhibit "1.1"** before a notary public at the offices of the entity listed in **"Exhibit 1"** or any other locations agreed to by the witness, and produce any documents responsive to the Request for Production attached to this Notice of Subpoena as **Exhibit "1.2"** by April 14, 2022. You may produce the documents electronically by emailing them to sbell@46legal.com, ddodson@shackelford.law, and djeffery@shackelford.law.

*[signature block on next page]*

Respectfully submitted,

 /s/ *Shannon S. Bell*
Derrick T. DeWitt, OBA #18044
Thomas A. Paruolo, OBA #18442
Shannon S. Bell, OBA #33648
**DEWITT, PARUOLO & MEEK, PLLC**
P.O. Box 138800
Oklahoma City, OK 73113
T: (405) 705-3600
F: (405) 705-2573
dewitt@46legal.com
tom@46legal.com
sbell@46legal.com


    -and-

 /s/ *Stephen R. Wedemeyer*
Stephen R. Wedemeyer
Texas Bar No. 00794832
Federal Bar No. 22-39
Dewey C. Dodson
Texas Bar No. 24116294
Federal Bar No 21-104
SHACKELFORD, BOWEN, MCKINLEY & NORTON, LLP
717 Texas Avenue, 27th Floor
Houston, TX 77002
T: (832) 415-1786
F: (832) 565-9030
swedemeyer@shackelford.law
ddodson@shackelford.law

*ATTORNEYS FOR DEFENDANT*
*THIRD COAST INSURANCE COMPANY*

## CERTIFICATE OF SERVICE

This is to certify that on the 14th day of March, 2022, the above document was electronically transmitted to the Clerk of the Court using the ECF System for filing and transmittal of a Notice of Electronic Filing to the following ECF registrants:

Steven S. Mansell
Kenneth G. Cole
Keith F. Givens
**MANSELL ENGLE & COLE**
204 North Robinson, 21st Floor
Oklahoma City, Oklahoma 73102
smansell@meclaw.net
kcole@meclaw.net
kgiyens@meclaw.net

***ATTORNEYS FOR PLAINTIFF***
***GREENLITE HOLDINGS, LLC***

/s/ Dewey C. Dodson
Dewey C. Dodson

**EXHIBIT "1"**

**SUBPOENA**

AO 88A (Rev. 12/20) Subpoena to Testify at a Deposition in a Civil Action

# UNITED STATES DISTRICT COURT
### for the
Western District of Oklahoma

| | | |
|---|---|---|
| Greenlite Holdings, LLC, | ) | |
| *Plaintiff* | ) | |
| v. | ) | Civil Action No.   5:21-cv-00646-HE |
| Third Coast Insurance Company, | ) | |
| a foreign corporation, | ) | |
| *Defendant* | ) | |

## SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To:    Steven P. Bolos c/o Katerra Renovations, LLC, 3200 Earhart Drive., Carrollton, TX 75006-5024

*(Name of person to whom this subpoena is directed)*

☑ Testimony:  YOU ARE COMMANDED to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action. If you are an organization, you must promptly confer in good faith with the party serving this subpoena about the following matters, or those set forth in an attachment, and you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about these matters:

| Place: Stephen R. Wedemeyer/Dewey Dodson<br>SHACKELFORD, BOWEN, MCKINLEY & NORTON, LLP<br>717 Texas Avenue, 27th Floor<br>Houston, TX 77002 | Date and Time:<br><br>April 14, 2022 1:00 p.m. |
|---|---|

The deposition will be recorded by this method: _____

☑ *Production:*  You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:    See Exhibit 1

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:    March 14, 2022

CLERK OF COURT

OR

_____
*Signature of Clerk or Deputy Clerk*

_____
*Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* _____
_____ , who issues or requests this subpoena, are:

## Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88A (Rev. 12/20) Subpoena to Testify at a Deposition in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named individual as follows: _____

_____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because:    sdfsdf _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ _____0.00_____ .

I declare under penalty of perjury that this information is true.

Date: _____        _____

                                                        *Server's signature*

                                      _____

                                                        *Printed name and title*

                                      _____

                                                        *Server's address*

Additional information regarding attempted service, etc.:

AO 88A  (Rev.  12/20) Subpoena to Testify at a Deposition in a Civil Action (Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

 **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
   **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
   **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
       **(i)** is a party or a party's officer; or
       **(ii)** is commanded to attend a trial and would not incur substantial expense.

 **(2)** *For Other Discovery.* A subpoena may command:
   **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
   **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

 **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

 **(2)** *Command to Produce Materials or Permit Inspection.*
   **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
   **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
       **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
       **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

 **(3)** *Quashing or Modifying a Subpoena.*

   **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

       **(i)** fails to allow a reasonable time to comply;
       **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
       **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
       **(iv)** subjects a person to undue burden.
   **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

       **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
       **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
   **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
       **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
       **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

 **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
   **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
   **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
   **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
   **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
 **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
       **(i)** expressly make the claim; and
       **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
 **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

**EXHIBIT "1.1"**

**DIRECT QUESTIONS TO BE PROPOUNDED TO THE CUSTODIAN
OF RECORDS FOR KATERRA RENOVATIONS, LLC**

1.      State your full name, occupation and official title.

**Answer**:_____

2.      Are you the custodian of records for Katerra Renovations, LLC?

**Answer**:_____

3.      Have you been served with a subpoena duces tecum for the production of documents as shown on **Exhibit "1.2"** attached to this deposition upon written questions?

**Answer**:_____

4.      Have you produced all records identified on **Exhibit "1.2"** within your possession, custody, and control?

**Answer**:_____

5.      If not, what documents have not been produced? Why not?

**Answer**:_____

6.      Identify by general category the documents you have produced?

**Answer**:_____

7.      Please hand the records you have produced to the Notary Public taking your deposition for photocopying and/or attachment to this deposition. Have you done as requested? If not, why not?

**Answer**:_____

8.     With regard to the documents you have produced, are these records from Katerra Renovations, LLC?

**Answer**:_____

9.     Did the employees of Katerra Renovations, LLC make these records?

**Answer**:_____

10.    Were these records made at or near the time of the act, event, or matter identified in the records?

**Answer**:_____

11.    Were the records made by a person with knowledge of the act, event or matter identified in the records?

**Answer**:_____

12.    Were the records made from information transmitted by a person with knowledge of the act, event or matter identified in the records?

**Answer**:_____

13.    Were the records made and kept in the regular course of business of Katerra Renovations, LLC?

**Answer**:_____

14.    Was it the regular course of business of Katerra Renovations, LLC to keep such records?

**Answer**:_____

15. Are you aware of any other person or entity that may have possession of the records listed on **Exhibit "1.2"**? If so, please state the name of such entity or person and address, if known.

    **Answer**:

    Signed this _____ day of _____, 2022.

    _____
    Witness (Custodian of Records)

STATE OF _____  §
                            §
COUNTY OF _____    §

BEFORE ME, the undersigned authority, on this day personally appeared

_____, the Custodian of Records for Katerra

Renovations, LLC, known to me to be the person whose name is subscribed to the

foregoing instrument in the capacity therein stated, and being duly sworn, acknowledged

to me that the answers to the foregoing questions are true as stated. I further certify that the

records attached hereto are exact duplicates of the original records.

Given under my hand and official seal of office this the ____ day of

_____, 2021.

_____

Notary Public in and for the State of _____

My Commission Expires: _____

[Notary Seal]

## EXHIBIT "1.2"

## DOCUMENTS TO BE PRODUCED

You are hereby requested to produce Katerra Renovations, LLC's documents relating to:

1. Any documents related to the condition, maintenance, and/or recommended repairs or replacements of the roofing system, exterior façade, decking, framing members (e.g., ceiling joists), and/or interiors at The Restoration on Candlewood Apartments located at 8501 Candlewood Dr., Oklahoma City, Oklahoma 73132 ("Subject Property") from January 1, 2020 to the present.

2. Any documents, communications, tangible things, reports, models, or data compilations provided to you or on which you relied on when preparing your estimates and photo reports concerning or relating to the Subject Property.

3. Any documents, communications, tangible things, report, models, or data compilations referring to the ice storm that occurred on or around October 26, 2020 to which claim number 14940 has been assigned ("Claim No. 14940").

4. Any documents, communications, tangible things, report, models, or data compilations referring to the ice storm that occurred on or around June 26, 2021 to which claim number 15969 has been assigned ("Claim No. 15969").

5. Any photographs and/or video recordings of the Subject Property. Produce all electronically stored documents in their native format with metadata intact.

6. Any emails (including attachments) or other written communications concerning or relating to the Subject Property and/or Claim Nos. 14940 and 15969. Produce all electronically stored documents in their native format with metadata intact.

7. Any estimates, maintenance records, inspection records, repair recommendations, reports, bids, proposals, invoices, payments, schedules, and/or spreadsheets (including drafts) concerning or relating to the Subject Property and/or Claim Nos. 14940 and 15969. Produce all electronically stored documents in their native format with metadata intact.

8. Any contracts and agreement (including contingency fee agreements) between Katerra Renovations, LLC or anyone acting on its behalf and 8557 Candlewood Drive LLC d/b/a GreenLite Holdings, LLC and/or Trinity Multifamily d/b/a Trinity Property Management, LLC or anyone acting on their behalf concerning or relating to the Subject Property.

9. Any invoices, payments, receipts, and/or checks concerning or relating to compensations for your services rendered related to Claim Nos. 14940 and 15969.