**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| **(1) GREENLITE HOLDINGS, LLC,** | ) | |
| | ) | |
| *Plaintiff,* | ) | |
| | ) | |
| **v.** | ) | **CASE NO. 5:21-cv-00646-HE** |
| | ) | |
| **(1) THIRD COAST INSURANCE** | ) | |
| **COMPANY,** | ) | |
| | ) | |
| *Defendant.* | ) | |

**THIRD COAST INSURANCE COMPANY'S**
**NOTICE OF INTENTION TO TAKE THE ORAL AND VIDEOTAPED**
**DEPOSITION OF GREENLITE HOLDINGS, LLC'S**
**CORPORATE REPRESENTATIVE**

TO:   Plaintiff, Greenlite Holdings, LLC, by and through its attorneys of record, Steven S. Mansell, Kenneth G. Cole, and Keith F. Givens, Mansell Engle & Cole, 204 North Robinson, 21st Floor, Oklahoma City, Oklahoma 73102.

Pursuant to the Federal Rules of Civil Procedure, the undersigned attorneys of record for Defendant Third Coast Insurance Company ("Third Coast") will take the oral and videotaped deposition of the **corporate representative(s) of Plaintiff Greenlite Holdings, LLC's ("Greenlite Holdings")**, who has the most knowledge of the topics listed on **Exhibit "1,"** before an officer authorized by law to administer oaths and take depositions, on **Tuesday, August 23, 2022, beginning at 10:00 a.m. (CST)**, and continuing thereafter day to day until completed.

The deposition will be conducted remotely by video conference (Zoom Video Conferencing) or other means as may be necessary or agreed to by counsel for the parties, and recorded by audio, visual, and stenographic means. The stenographic recording will be

1

conducted by a certified shorthand reporter. Details and instructions for access and participation will be provided to all participants before the date of the deposition.

Pursuant to the Federal Rules of Civil Procedure, TCIC requests that Greenlite Holdings provide, within a reasonable time prior to the date of the noticed deposition, the identity of those individual(s) designated to testify on its behalf as to each of the topics listed in **Exhibit "1"** attached hereto. The testimony of each such designated witness(es) will bind Greenlite Holdings.

The deposition is for the purpose of discovery, and the answers to this deposition may be used as evidence at the trial of the above-entitled action, in accordance with the Federal Rules of Civil Procedure. All parties are invited to attend and examine the witness.

Respectfully submitted,

 /s/ *Derrick DeWitt*
Derrick T. DeWitt, OBA #18044
Thomas A. Paruolo, OBA #18442
DEWITT, PARUOLO & MEEK, PLLC
P.O. Box 138800
Oklahoma City, OK 73113
T: (405) 705-3600
F: (405) 705-2573
dewitt@46legal.com
tom@46legal.com

-and-

 /s/ *Brannon C. Dillard*
Stephen R. Wedemeyer
Texas Bar No. 00794832
Federal Bar No. 22-39
Brannon C. Dillard
Texas Bar No. 24043634
Federal Bar No. 22-79
Dewey C. Dodson

2

Texas Bar No. 24116294
Federal Bar No 21-104
SHACKELFORD, BOWEN, MCKINLEY & NORTON, LLP
717 Texas Avenue, 27th Floor
Houston, TX 77002
T: (832) 415-1801
F: (832) 565-9030
swedemeyer@shackelford.law
bdillard@shackelford.law
ddodson@shackelford.law

**ATTORNEYS FOR DEFENDANT
THIRD COAST INSURANCE COMPANY**

## CERTIFICATE OF SERVICE

This is to certify that on the 22st day of July, 2022, a true and correct copy of the above and foregoing was mailed, postage prepaid, to:

Steven S. Mansell, Esq.
Kenneth G. Cole, Esq.
Keith F. Givens, Esq.
MANSELL ENGLE & COLE
204 North Robinson, 21st Floor
Oklahoma City, OK 73102
kgivens@meclaw.net
kcole@meclaw.net
kgivens@meclaw.net

***ATTORNEYS FOR PLAINTIFF
GREENLITE HOLDINGS, LLC***

*/s/ Derrick Dewitt*
Derrick Dewitt

3

<u>**EXHIBIT "1"**</u>

<u>**CORPORATE REPRESENTATIVE DEPOSITION TOPICS**</u>

Pursuant to the Federal Rules of Civil Procedure, Greenlite Holdings is hereby notified of its obligation to designate one or more persons having actual knowledge of the following topics and authorized to testify as its designated corporate representative(s) on these topics and give testimony in this case.

**I.    <u>DEFINITIONS</u>**

The following terms have the meanings as defined below:

1.    **"Lawsuit"** means and refers to the action styled *Greenlite Holdings, LLC v. Third Coast Insurance Company*; Cause No. 5:21-cv-00645-HE; pending in the United States District Court for the Western District of Oklahoma.

2.    **"Third Coast"** shall mean and refer to Third Coast Insurance Company, Defendant in the Lawsuit, including its employees, agents, representatives, attorneys, consultants, and anyone else acting on its behalf.

3.    **"Strata"** shall mean and refer to Strata Claims Management, and its employees, agents, representatives, attorneys, consultants, and anyone else acting on its behalf.

4.    **"Greenlite Holdings," "You," and/or "Your"** shall mean and refer to Greenlite Holdings, LLC, the Plaintiff in the above-numbered and styled cause and its members, agents, employees, subordinates, representatives, consultants, public adjusters, contractors, officers, directors, partners, property managers, property management companies, attorneys, predecessors, successors, assigns, and all other natural persons or businesses or legal entities acting or purporting to act on behalf of or under the direction or control of it, unless otherwise indicated.

5.    "**Claim No. 14940**" refers to the insurance claim with an October 26, 2020, date of loss that was reported to Third Coast on November 2, 2020, and concerns alleged freeze related damage to the Property.

6.    "**Claim No. 15969**" refers to the insurance claim with a June 26, 2021, date of loss that was reported to Third Coast on February 24, 2021, and concerns alleged water related damage to the Property.

7.    **"Claims"** refers collectively to Claim No. 14940 and Claim No. 15969.

4

8.      **"Property"** refers to the real property, buildings, roofs, structures, personal property, business personal property, and other improvements generally located at 8501 Candelwood Dr., Oklahoma City, Oklahoma 73132.

9.      **"2020 Policy"** refers to Policy No. PROP-STR6-031042-20, which was issued to Greenlite Holdings by Third Coast and provided certain insurance coverage for the Property with effective dates of February 24, 2020 to February 24, 2021.

10.     **"2021 Policy"** refers to Policy No. PROP-STR7-033188-21, which was issued to Greenlite Holdings by Third Coast and provided certain insurance coverage for the Property with effective dates of February 24, 2021 to February 24, 2022.

11.     **"Policies"** refers collectively to the 2020 Policy and 2021 Policy.

## II.      EXAMINATION TOPICS.

The scope of the examination of Greenlite Holdings' designated deponent(s) will likely cover the following topics:

1.      Greenlite Holdings, including the identity of its management, owners, officers and members; its evaluation, acquisition, financing, ownership, and management of the Property; and any liens or encumbrances on the Property.

2.      The solicitation, assessment, appraisal, procurement, and purchase of the Policies.

3.      The type and amount of loss or damage to the Property claimed in the Lawsuit that You contend was caused by the storm on October 26, 2020.

4.      The type and amount of loss or damage to the Property claimed in the Lawsuit that You contend was caused by the storm on June 26, 2021.

5.      The evaluation and determination of the dates of loss, and the cause and extent of the damage, including inspection, sampling, evaluation, photographs, and testing of the Property.

6.      All proposed or actual repairs (emergency, temporary, and/or permanent) to any of the Property's components after the October 26, 2021 storm, including but not limited to any bids, estimates, proposals, or contracts received or entered into for such repairs, the date on which such repairs were made, the identity of the person(s) or entity(ies) who performed the repairs, and the cost of, payment for, and documentation of the repairs.

7. All proposed or actual repairs (emergency, temporary, and/or permanent) to any of the Property's components after the June 26, 2021 storm, including but not limited to any bids, estimates, proposals, or contracts received or entered into for such repairs, the date on which such repairs were made, the identity of the person(s) or entity(ies) who performed the repairs, and the cost of, payment for, and documentation of the repairs.

8. Greenlite Holdings' alleged damages, including but not limited to, property damage, rental value losses, and attorneys' fees claimed in the Lawsuit, including the calculation and basis for same.

9. The legal and factual bases for Greenlite Holdings' contentions that Third Coast breached the Policies and/or committed fraud, breached the common law duty of good faith and fair dealing, and/or the Oklahoma Insurance Code in the investigation, adjustment, or handling of or response to the Claims.

10. Greenlite Holdings' agreements with any insurers, adjusters, consultants, roofers, engineers, other contractors, maintenance staff, insurance agents, lenders, or public adjusters concerning the Property and/or Claims.

11. Greenlite Holdings' communications or correspondence with any insurers (including but not limited to Third Coast), adjusters, consultants, roofers, engineers, other contractors, management companies, maintenance staff, insurance agents, lenders, or public adjusters concerning the Property and/or Claims.

12. The installation of the Property's roofing system including the date(s) of installation, the contractor(s) that performed the work, the amount(s) paid, and any related bids, estimates, proposals, contracts, or payments for same.

13. The inspection of, maintenance of, repairs to, or destruction of the Property's roofing system between January 1, 2008, up to the present.

14. Communications or documents sent by or received by Greenlite Holdings regarding the condition of the Property's roofing systems between January 1, 2008, up to the present.

15. The ownership, management, and operation of the Property since January 1, 2020, including property management contracts with property managers, inspections and photographs, property condition reports documenting such inspections, the procurement and cancelation of property insurance policies, and/or the filing of property insurance claims for exterior and interior damage.

6

16. Greenlite Holdings' financial condition from January 1, 2020, to the present, including, but not limited to, the availability of funds for the cost to maintain and/or repair the Property.

17. Greenlite Holdings' pleadings and written discovery responses and answers in the Lawsuit, including the factual bases for allegations, responses, or answers.

18. Greenlite Holdings' expert designations and expert reports in the Lawsuit, including the factual bases for their opinions and conclusions.

19. Greenlite Holdings' pre-suit demand to Third Coast.

20. Greenlite Holdings' decision to report the Claims to Third Coast.

21. The manner and method by which Greenlite Holdings searched for and gathered information responsive to Third Coast's discovery requests, including requests for production responses or interrogatory answers.

22. Documents generated or received by Greenlite Holdings related to the Property, Claims, and/or relevant to the Lawsuit, and the manner and method for which Greenlite Holdings searched for and gather such documents.

23. Warranty claims made by Greenlite Holdings for the roof(s) at the Property.

24. Specific actions or omissions of Third Coast in the investigation, adjustment, or handling of the Claims that Greenlite Holdings contends were unreasonable, insufficient, untimely, and/or improper.

25. Legal and factual bases for any contention that Third Coast's investigation, adjustment, or handling of the Claims and/or failure to pay what Greenlite Holdings claims is owed for such Claims caused Greenlite Holdings any damage or loss other than the amounts alleged as being owed as insurance benefits under the Policies.

26. Any efforts made to mitigate Greenlite Holdings' losses, including any temporary or emergency repairs, related to the storm damage or loss at issue in this Lawsuit claimed to have occurred, including but not limited to repairs to the Property.

27. The condition and value of the Property before and after the storm damage at issue in this Lawsuit.

28. Property insurance claim(s) for loss or damage as a result of roof claim(s) or interior leak claim(s) at the Property prior to the Claims, including the name of the insurer(s), the policy number(s), the claim number(s), and the type(s) of claim(s).