# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| GREENLITE HOLDINGS, LLC,<br><br>         Plaintiff,<br><br>v.<br><br>THIRD COAST INSURANCE COMPANY, a foreign corporation,<br><br>         Defendant. | Case No: 5:21-cv-646 HE |

## PLAINTIFF'S NOTICE TO TAKE VIDEO DEPOSITION OF DEFENDANT'S CORPORATE REPRESENTATIVE(S)

Pursuant to Fed. R. Civ. Proc. 30(b)(6), Defendant, Third Coast Insurance Company, must designate one or more corporate representatives to testify at 9:30 a.m. on August 17, 2022, via remote video conference, or alternate arrangement agreed upon by the parties. Said representative(s) shall be knowledgeable and conversant about the following topics:

1. Defendant's cancelation of Plaintiff's insurance policy covering the property underlying this case that was carried out during June 2022;

2. Reasons for cancelation of Plaintiff's insurance policy covering the property underlying this case that was carried out during June 2022

3. Why Defendant canceled Plaintiff's insurance policy covering the property underlying this case during June 2022 when it renewed such policy in 2021;

4. Why Plaintiff's policy on such property was canceled in June 2022 while the policy was still in effect rather than non-renewing the policy at the end of the policy term;

5. Who was involved within Defendant in the process of evaluating whether the above-referenced cancelation should be carried out;

6. Who was involved within Defendant in the decision to carry out the above-referenced cancelation;

7. Who was involved outside of Defendant in the process of evaluating whether the above-referenced cancelation should be carried out;

8. Who was involved outside of Defendant in the decision to carry out the above-referenced cancelation;

9. Who decided what information and documents would be disclosed to Plaintiff prior to the above-referenced cancelation;

10. Who decided what information and documents would not be disclosed to Plaintiff prior to the above-referenced cancelation;

11. Any investigation into the breaker panels referenced in connection with the above-referenced cancelation;

12. Any investigation into how many breaker panels referenced in connection with the above-referenced cancelation were still present on Plaintiff's property in June 2022 or the months prior thereto;

13. Any consideration of information or evidence provided by Plaintiff about the breaker panels referenced in connection with the above-referenced cancelation before its policy was canceled;

14. Why any information or evidence provided by Plaintiff about the breaker panels referenced in connection with the above-referenced cancelation was not considered prior to such cancelation;

15. Any consideration of the impact that cancelation of this policy would have on Plaintiff during the policy period effective in June 2022;

16. Any consideration of the impact that cancelation of this policy would have on tenants living in apartments located within Plaintiff's property;

17. How many breaker panels referenced in connection with the above-referenced cancelation were present on Plaintiff's property during June 2022;

18. How many breaker panels referenced in connection with the above-referenced cancelation were replaced after Plaintiff purchased this property in February 2020;

19. Any connection between the above-referenced cancelation and the claims being asserted by Plaintiff in this case;

20. Any connection between the above-referenced cancelation and the damage Plaintiff alleges to the property at issue in this case;

21. Why Plaintiff was only given the amount of time that Defendant or Strata specified to address the breaker panel issue rather than a longer time;

22. Any inspections and evaluations of Plaintiff's property upon which Defendant or any person or entity acting on its behalf (Strata or otherwise) relied for the cancelation of Plaintiff's insurance policy carried out during June 2022;

23. Any reasons for Defendant's refusal to provide a full copy of any inspection reports or all photographs that Defendant used, reviewed or relied upon for the decision to cancel Plaintiff's insurance policy during June 2022;

24. Documents, correspondence (written or electronic), photographs, video footage, inspection reports, evaluations, other reports, underwriting documents, underwriting inspections, invoices, bids, receipts, and any other records that Defendant or any person or entity acting on its behalf (Strata or otherwise) reviewed, generated, received or relied upon in connection with

the cancelation of Plaintiff's insurance policy that was carried out during June 2022;

25. Notes, memorandums, correspondence and other written or electronic communications discussing or referencing why Plaintiff's insurance policy was canceled in June 2022 including, but not limited to, any correspondence between Defendant and other entities (Strata or otherwise);

26. Documents, correspondence (written or electronic), photographs, video footage, inspection reports, evaluations, other reports, underwriting documents, underwriting inspections, invoices, bids, receipts, and any other records associated with Defendant's renewal of Plaintiff's insurance policy in 2021;

27. Documents, correspondence (written or electronic), photographs, video footage, inspection reports, evaluations, other reports, underwriting documents, underwriting inspections, invoices, bids, receipts, and any other records associated with Defendant's issuance of an insurance policy to Plaintiff in March 2020;

28. Reasons and grounds for Defendant's failure to return any premium owed to Plaintiff upon cancelation of its policy during June 2022;

29. Reasons and grounds for Defendant's delay in returning any premium owed to Plaintiff upon cancelation of its policy during June 2022;

30. Identity of anyone within Defendant who participated in any discussions or decisions related to Defendant's failure to return any premium owed to Plaintiff upon cancelation of its policy during June 2022;

31. Identity of anyone within Defendant who participated in any discussions or decisions related to Defendant's delay in returning any premium owed to Plaintiff upon cancelation of its policy during June 2022;

32. Identity of anyone within Defendant who had any involvement in the claim that Plaintiff submitted over

damage resulting from the storm that occurred on and near October 26, 2020;

33. Last known contact information (address and phone numbers) for anyone within Defendant who had any involvement in the claim that Plaintiff submitted over damage resulting from the storm that occurred on and near October 26, 2020 who no longer works for Defendant;

34. Whether the persons responsive to topic 33 above resigned or were terminated;

35. Training about roof and structural damage issues that Defendant or others at its request provided to employees who handled the type of property damage claim underlying this case during the five (5) years preceding October 26, 2020;

36. Claim handling guidelines, manuals and standards used during training about roof and structural damage issues that Defendant or others at its request provided to employees who handled the type of property damage claim underlying this case during the five (5) years preceding October 26, 2020;

37. Training about roof and structural damage issues that Defendant or others at its request provided to non-employees who handled the type of property damage claim underlying this case during the five (5) years preceding October 26, 2020 or their employers including, but not limited to, any Strata entity that works on claims at Defendant's request;

38. Claim handling guidelines, manuals and standards used during training about roof and structural damage issues that Defendant or others at its request provided to non-employees who handled the type of property damage claim underlying this case during the five (5) years preceding October 26, 2020 or their employers including, but not limited to, any Strata entity that works on claims at Defendant's request;

39. Any other lawsuits arising from claims submitted under policies issued by Defendant on which Engineering, Inc. or Shawn Thompson, PE performed work at Defendant's request or the request of any person or entity acting on Defendant's behalf;

40. Defendant's present position on whether any further benefits are payable to Plaintiff for any damage or loss related to the storm that began on October 26, 2020; and

41. Whether Defendant believes any mistakes were made by its employee(s) or anyone acting at its request (Strata or otherwise) during the investigation, evaluation or decisions made on Plaintiff's claim arising from the storm that began on October 26, 2020.

This deposition will take place before an officer authorized to administer oaths by the laws of the State of Oklahoma via stenographic and videographic means and said deposition may continue from day to day until completed. You are invited to attend and cross examine.

Respectfully submitted,

**MANSELL ENGEL & COLE**

*s*/ Keith F. Givens
Steven S. Mansell, OBA #10584
Kenneth G. Cole, OBA #11792
Keith F. Givens, OBA #16501
204 North Robinson Ave., 21st Floor
Oklahoma City, OK 73102-7201
T: (405) 232-4100 ** F: (405) 232-4140
kgivens@meclaw.net

**ATTORNEYS FOR PLAINTIFF**

## **CERTIFICATE OF SERVICE**

   I hereby certify that on July 28, 2022, I electronically transmitted the attached document to the Clerk of Court using the Electronic Case Filing System for filing. Based on the records currently on file in this case, the Clerk of Court will transmit a Notice of Electronic Filing to those registered participants of the ECF System.

                *s/* Keith F. Givens